Wickham, J.
This case was tried to a jury. At the close of the plaintiff’s case the defendant moved the court to direct a verdict in its favor, which motion was granted and a verdict returned for the defendant. Thereupon the plaintiff filed a motion for a new-trial, and the cause is submitted on that motion.
..The action was brought by the plaintiff on two insurance policies. The claim was that its property had been damaged by lightning. The defendant admitted that the loss and damage to the plaintiff’s property was caused :by lightning and within the provisions of the policies. Its defense was that the plaintiff had failed to comply with the conditions of the policies in regard to proof of loss, and particularly a demand for the appraisal of the amount of the damage.
*691 The plaintiff claims first, that the defendant denied all liability on the policies; second, that the denial of liability by the defendant waived the provision of the policies for an appraisement of the amount of damage.
Was there a denial of liability by the defendant company? This question was resolved in the negative by the court at the time of the trial, when it was held, as a matter of law, that the insurance company had not denied its liability. It was conceded on the trial that nothing passed between the plaintiff and the defendant, except some letters; two letters were written by the insurance company to the plaintiff in regard to each policy. There was but one statement made by the defendant' company in each of those letters, namely: “from the information before us we believe the entire loss and damage to have been caused by a cyclone and not by lightning.”
Counsel for plaintiff in their brief claim that this language constitutes a denial of liability; and, secondly, if there is any doubt about it, it is a question to be submitted to the jury, and that the court erred in directing a verdict and in resolving the question itself. We have been cited to no authority by counsel which throws any light upon the question other than that we had at the time of the trial.
This language is not in terms a denial of liability. Under no possible method of construction can it be made a denial of liability; nor do we think any person on careful consideration would so understand it. They might without consideration, infer that the insurance company intended to deny liability by making such a statement. The statement relates to the cause of the damage, and it is not a final statement, but is qualified by the language, “from the information before us,” leaving the matter of the belief altogether uncertain upon receipt of more definite information or additional evidence.
If we are correct in our conclusion, the next question is: Should the matter have been submitted to the jury to determine whether the language amounts to a denial of liability? Should the court have said, in substance, to the jury: This language can not possibly be construed into denial of liability, but *692 you are to consider and determine for yourselves whether ithe defendant in this case denied its liability on the policies.
Our opinion is that it was not error for the court itself to determine the question. In other words, that it was not a question of fact to be determined by a jury.
It is not necessary to determine the other question discussed by counsel in their briefs. If there was no denial of liability by the insurance company, the question of the waiver by denial is unnecessary.
We think the motion should be overruled, with exceptions, and the statutory time allowed plaintiff to prepare and file a bill of exceptions..